IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CORDERRO FOSTER                                                                                      PLAINTIFF
ADC #161548

v.                                              4:22-cv-01015-LPR-JJV

ANTHONY SIFUENTES,
Lieutenant, Varner Super Max Unit, ADC                                                    DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   **INTRODUCTION**

Corderro Foster ("Plaintiff") is a prisoner in the Varner Super Max Unit of the Arkansas Division of Correction ("ADC"). (Doc. 2.) He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging that on July 31, 2022, Defendant Lieutenant Anthony Sifuentes used excessive force by hitting his arm with a metal bar. (*Id*.) All other claims and defendants were dismissed without prejudice during screening mandated by 28 U.S.C. § 1915A. (Doc. 12.) Plaintiff brings this claim against Defendant Sifuentes in his official and personal capacities. And he seeks monetary damages as well as injunctive relief.

Defendant has filed a Motion for Summary Judgment. (Docs. 29-31.) Plaintiff has not filed a Response, and the time to do so has expired. After careful consideration and for the following reasons, I recommend the Motion be GRANTED, Plaintiff's excessive force claim against Defendant Sifuentes be DISMISSED with prejudice, and this case be CLOSED.

## II.  SUMMARY JUDGEMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).

## III.  EVIDENCE

It is undisputed that in July 2022, Plaintiff was housed in the VSM behind a solid door that had a locked, trap door ("trap") that was used to hand him food trays and other items.[1] (Doc. 29-

---

[1] Defendant says the VSM houses the most dangerous inmates in the ADC and that in July 2022, Plaintiff had multiple disciplinary convictions for threatening injury and one for battery. (Doc. 29-1.) Plaintiff has not challenged those assertions.

1.)   The trap could only be unlocked from the outside by an ADC officer using a "specialized bar that contains a pin key" ("key bar")   (*Id*. at 1.)   And, for security reasons, ADC policy required the trap be closed and locked whenever it was not in use.

The parties agree that during chow call on July 31, 2022, a guard opened the trap to hand Plaintiff a tray.   (Docs. 2, 29-1, 29-2.)   Plaintiff asked to use the telephone so that he could call the state police hotline to report a guard had threatened to put semen in his food.   When the guard refused, Plaintiff put his arm in the trap to prevent it from closing, which Plaintiff knew was a disciplinary violation, and demanded to speak to a lieutenant.   When Lieutenant Sifuentes arrived, Plaintiff again asked to immediately use the telephone to call the hot line.   Lieutenant Sifuentes said Plaintiff would have to wait until his designated phone time.   The parties disagree what happened next.

Lieutenant Sifuentes says in his sworn declaration that Plaintiff became hostile and grabbed him by the vest through the trap door.   (Doc. 29-1.)   In response, Lieutenant Sifuentes struck Plaintiff's arm twice with the key bar in an attempt to free himself.   Plaintiff then released Lieutenant Sifuentes's arm, and the officer was able to close the trap door.   (*Id.*)

In contrast, Plaintiff says in his verified Complaint (Doc. 2) and deposition (Doc. 29-2 at 6-11) that after Defendant Sifuentes refused to let him use the telephone, he ordered Plaintiff to remove his arm from the trap door.   Plaintiff admits he refused to do so which he knew was a violation of ADC rules.   Plaintiff says Defendant Sifuentes then removed the pepper spray from his holster and warned Plaintiff he would use it if he refused to remove his arm from the trap. Plaintiff then grabbed a blanket with his left arm to block pepper spray from coming in while leaving his right arm inside the trap.   (Doc. 29-2 at 10-11.)   Defendant Sifuentes then returned the pepper spray to his holster and banged on the trap with the key bar in attempt to scare Plaintiff

into removing his arm. Plaintiff says he then dropped the blanket, he put both arms inside the trap, and Defendant Sifuentes hit both of his hands two to three times with the key bar. Plaintiff claims his right hand swelled, and he had a knot that lasted approximately one to two weeks.

It is undisputed that later that day Plaintiff went to the infirmary where a nurse noted he had a small abrasion on his right hand between his thumb and first finger and "slight swelling." (Doc. 29-3.) And the parties do not dispute x-rays taken on August 24, 2022, detected no acute abnormalities. (Doc. 29-4.)

IV. DISCUSSION

A. Qualified Immunity From Damages

Defendant Sifuentes says he is entitled to qualified immunity from Plaintiff's request for damages from him in his individual capacity. Qualified immunity protects government officials from § 1983 liability for damages if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019); *Irvin v. Richardson*, 20 F.4th 1199, 1204 (8th Cir. 2021). Whether qualified immunity applies to the case at hand is a question of law, not fact, for the court to decide. *Kelsay v. Ernest,* 933 F.3d 975, 981 (8th Cir. 2019).

Defendant Sifuentes is entitled to qualified immunity if: (1) the evidence, viewed in the light most favorable to Plaintiff, does not establish a violation of his constitutional right to be free from excessive force; or (2) the constitutional right was not clearly established in July 2022 such that a reasonable official would not have known that his or her actions were unlawful. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *MacKintrush v. Pulaski Cty. Sheriff's Dept.*, 987 F.3d 767, 770 (8th Cir. 2021). For the following reasons, I find Defendant is entitled to qualified immunity under both prongs.

The Eighth Amendment prohibits prisoners from being subjected to cruel and unusual punishment. To establish an Eighth Amendment violation, there must be evidence suggesting Defendant Sifuentes used force "maliciously and sadistically to cause harm" rather than in "a good-faith effort to maintain or restore discipline." *See Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010); *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). The relevant factors that must be considered when making that determination are: (1) the objective need for force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by the defendants; (4) any efforts by defendant to temper the severity of the forceful response; and (5) the extent of the plaintiff's injuries. *Jackson*, 866 F.3d at 974; *Ward v. Smith*, 844 F.3d 717, 721-22 (8th Cir. 2016).

Defendant Sifuentes says he hit Plaintiff after he grabbed him while Plaintiff denies doing so. At this stage in the proceedings, I must view the evidence in the light most favorable to Plaintiff unless it is "blatantly contradicted by the record," which has not occurred here.[2] *Scott v. Harris*, 550 U.S. 372, 381 (2007). As previously summarized, Plaintiff admitted in his verified Complaint and deposition he knew leaving his arm in the trap was a violation of prison rules, he refused several direct orders to remove his arm from the trap which he knew was a disciplinary violation, he kept his arm in the trap after Defendant Sifuentes warned him he would use pepper

---

[2] When qualified immunity is raised, summary judgment may not be granted simply because there are genuine issues of material fact. Instead, the trial court must go further and determine whether the evidence, viewed in the light most favorable to the plaintiff, would constitute a constitutional violation based on law that was clearly established at the time the event occurred. *See Wright v. United States*, 545 Fed. Appx. 588, 589-90 (8th Cir. Nov. 29, 2013) (explaining, in an excessive force case, that a "district court cannot, as it did here, merely note the existence of disputed facts and summarily decide that qualified immunity is inapplicable;" instead, the court must determine if the facts viewed in the light most favorable to the plaintiff "demonstrate a [1] constitutional violation that is [2] clearly established"); *Handt v. Lynch*, 681 F.3d 939, 944-45 (8th Cir. 2012) (same).

spray if he refused to remove it, and he attempted to use a blanket to block pepper spray from coming through the trap. Importantly, Plaintiff also concedes Defendant Sifuentes first banged the key bar on the trap in an attempt to warn and scare him into removing his arm, and when that failed, Defendant Sifuentes hit him two to three times with the key bar causing minor injuries. As explained in Defendant Sifuentes's declaration (Doc. 29-1), an open trap door creates a serious security risk because inmates can assault outsiders through it; eject urine, feces, and other substances on passersby; and trade contraband with other prisoners. *See Treats v. Morgan*, 308 F.3d 868, 875 (8th Cir. 2002) (force may be used to make an inmate comply with a lawful order if noncompliance poses a security threat). And Plaintiff has not challenged that assertion.

Given the undisputed threat caused by Plaintiff's deliberate violation of prison rules and several direct orders to remove his arm, Defendant Sifuentes's good faith efforts to temper the use of force by threatening to use mace (which Plaintiff attempted to block with a blanket) and banging the key bar on the trap, and the minor nature of Plaintiff's resulting injuries, I conclude no reasonable juror could find Defendant Sifuentes acted with a malicious and sadistic intent to cause injury rather than in a good faith effort to restore discipline. *See Burns v. Eaton,* 752 F.3d 1136, 1140 (8th Cir. 2014) (granting summary judgment when a guard used force on a recalcitrant prisoner because there was no "specific evidence of a malicious motive to harm, or evidence that the force used was so greatly in excess of that needed to restore and maintain order as to raise a reasonable inference of malicious motive"); *Jackson,* 866 F.3d at 974-75 ("a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives" does not warrant a jury trial). Thus, I find Defendant Sifuentes is entitled to qualified immunity based on the first prong of the qualified immunity analysis.

Further, as to the second prong, I also find that in July 2022, hitting an inmate's hands with

a key bar, when other attempts at getting him to remove them from a trap had failed, was not such a clearly established constitutional violation that a reasonable officer would have known his actions were unlawful.[3]  *See Ruiz v. Culclager*, No. 4:20-cv-00524-BRW-JTK, 2021 WL 2389192 (E.D. Ark. Apr. 19, 2021), *rec. adopted*, 2021 WL 2383258 (E.D. Ark. June 10, 2021) (granting qualified immunity when a prisoner said a guard slammed the trap on his hand and struck it several times with a key bar after he refused to comply with orders to remove his arm from the trap); *Sylvester v. Kelly*, No. 5:18-cv-00120-JM-JTK, 2019 WL 3244590 (E.D. Ark. July 2, 2019), *rec. adopted,* 2019 WL 3244106 (E.D. Ark. July 18, 2019) (granting qualified immunity when a prisoner claimed a guard hit his hand twice with a key bar after he ignored several orders to remove his hands from a trap and using pepper spray, as an alternative, was unwarranted because the prisoner had recently had heart surgery).  As explained by the Eighth Circuit, "state actors are liable only for transgressing bright lines, not for making bad guesses in gray areas."  *L.G. through M.G. v. Columbia Pub. Sch.*, 990 F.3d 1145, 1148 (8th Cir. 2021).  Accordingly, I conclude Defendant Sifuentes is also entitled to qualified immunity under the second prong.

B.   **Official Capacity Claim for Injunctive Relief**

That conclusion does not end the analysis because qualified immunity only applies to Plaintiff's request for damages and not to his demand for injunctive relief from Defendant Sifuentes in his official capacity.  *See Hamner v. Burls*, 937 F.3d 1171, 1176 (8th Cir. 2019); *Monroe v. Ark. State Univ*., 495 F.3d 591, 594 (8th Cir. 2007); *Larson v. Kempker,* 414 F.3d 936,

---

[3]  *See Glover v. Paul*, 78 F.4th 1019, 1021 (8th Cir. 2023) (to be clearly established, there must be "controlling authority or a robust consensus of persuasive authority" that puts "the constitutional question beyond debate"); *Manning v. Ryan*, 13 F.4th 705, 707 (8th Cir. 2021) ("[c]learly established means that, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right").

7

939-40 (8th Cir. 2005). However, for the reasons previously explained, I conclude no reasonable juror could find Defendant Sifuentes used excessive force. Thus, injunctive relief is unwarranted. Further, even if the Court were to disagree, Plaintiff cannot obtain injunctive relief because he has failed to demonstrate there is an ongoing threat that excessive force will be used against him in the future. *See* 18 U.S.C. § 3626(a)(1) ("in any civil action with respect to prison conditions" the "court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right); *Entergy, Ark., Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir. 2000) (injunctive relief "cannot be premised on proof of past misconduct by the state"; instead, it is only available "where a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective"); *Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989) (to obtain prospective injunctive relief "a plaintiff must show some substantial likelihood that past conduct alleged to be illegal will recur"). Accordingly, I also recommend the official capacity claim be dismissed without prejudice.

## V.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion for Summary Judgment (Doc. 29) be GRANTED, Plaintiff's excessive force claim against Defendant Sifuentes be DISMISSED with prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 12th day of October 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE